Alexander RAZO

v.

NORDIC EMPRESS SHIPPING LTD.; Royal Caribbean Cruises, Ltd., A Liberian Corporation, a/k/a Royal Caribbean Cruises, Ltd., d/b/a Royal Caribbean Cruise Line, d/b/a Royal Caribbean International; Royal Caribbean Cruise Line; Royal Caribbean International, Inc.; Royal Caribbean Cruises, Inc., John Doe "A"; John Doe "B"; John Doe "C"

Alexander Razo; Cielo Razo, Appellants at No. 08–3442

Pursuant to F.R.A.P. 12(a).

Alexander Razo

v.

Nordic Empress Shipping Ltd.; Royal Caribbean Cruises, Ltd., A Liberian Corporation, a/k/a Royal Caribbean Cruises, Ltd., d/b/a Royal Caribbean Cruise Line, d/b/a Royal Caribbean International; Royal Caribbean Cruise Line; Royal Caribbean International, Inc.; Royal Caribbean Cruises, Inc., John Doe "A"; John Doe "B"; John Doe "C"

Cielo Razo

Pursuant to F.R.A.P. 12(a).

**Nordic Empress Shipping Ltd.,
Appellant at No. 08–3631.**

Nos. 08–3442, 08–3631.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) Oct. 1, 2009.

Filed: Oct. 28, 2009.

Paul T. Hofmann, Esq., Hofmann & Associates, New York, NY, for Alexander Razo, Cielo Razo.

Elizabeth A. McCoy, Esq., Gregory W. O'Neill, Esq., Mary T. Reilly, Esq., Hill, Betts & Nash, New York, NY, for Nordic Empress Shipping Ltd., Royal Caribbean Cruise Line, Royal Caribbean Cruises, Royal Caribbean International.

Before: McKEE, CHAGARES, and NYGAARD, Circuit Judges.

## OPINION OF THE COURT

NYGAARD, Circuit Judge.

Because our opinion is wholly without precedential value, and because the parties and the District Court are familiar with its operative facts, we offer only an abbreviated recitation to explain why we will affirm the order of the District Court.

Razo, a citizen of the Philippines, was employed on board the cruise ship M/V Empress of the Seas. Royal Caribbean was the operator and bareboat charterer of the M/V Nordic Empress. Nordic Empress Shipping owned the ship. Razo alleges that he was injured during a lifeboat drill. He brought various claims against numerous parties in New Jersey state court, including claims for Jones Act negligence and unseaworthiness against Royal Caribbean and Nordic. The case was removed to the District Court.

Razo was employed by the terms of a collective bargaining agreement that incorporated a Philippine Overseas and Employment Administration ("POEA") standard contract. Relying on the terms of that contract, Royal Caribbean and Nordic successfully sought to compel arbitration of his claims. Razo now appeals the District Court's order to compel, arguing that the claims are not removable pursuant to the Savings to Suitors clause of 28 U.S.C. § 1333 and the anti-removal statute, 28 U.S.C. § 1445(a), applicable to Jones Act and the Federal Employer's Liability Act cases.

■ Razo first complains that the District Court erred in ruling that an arbitration agreement existed between himself and Royal Caribbean at the time of Razo's injury. We agree with the District Court that the following provision was properly incorporated into Razo's contract: "[i]n cases of claims and disputes arising from [seafaring] employment, the parties cov-ered by a collective bargaining agreement, shall submit the claim or dispute to the original and exclusive jurisdiction of the voluntary arbitrator or panel of arbitrators."

Razo argues that this incorporated language conflicts with Section 5 of the contract, which states: "all claims disputes or controversies that may arise from this employment contract shall be brought by the herein parties exclusively before the proper courts in Metro Manila." We agree with the District Court however, that the plain language of Section 5 dictates the venue of the arbitration. Therefore, we do not find any conflict between Section 2 and Section 5.

■ Razo next argues that, even if the provisions of the contract do not conflict, the agreement is unenforceable under the New York Convention Act. 9 U.S.C. § 201 et seq. An arbitration agreement falls under the Convention if: "(1) there is an agreement in writing to arbitrate the dispute; (2) the agreement provides for arbitration in the territory of a Convention signatory; (3) the agreement arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen." *Francisco v. STOLT ACHIEVEMENT MT*, 293 F.3d 270, 273 (5th Cir. 2002). Moreover, the Convention Act mandates arbitration if these requirements are met. *Id.*

We have already ruled that there is an agreement to arbitrate. It is beyond question that the Philippines is a signatory to the Convention and that Razo is not a United States citizen. We also find that the District Court was correct in concluding that contracts of employment for seaman are not excluded from the term "commercial" in the Convention Act. For these reasons we do not find any error in the District Court's conclusion that the Con-

vention Act applies to the contract at issue, compelling arbitration here.

■ Moreover, we find no reason to disturb the District Court's ruling that the forum for arbitration is the Philippines. The District Court correctly ruled that Razo's reliance on the Jones Act (46 U.S.C. § 30104 et seq.), the Federal Employer's Liability Act (45 U.S.C. § 51 et seq.) and 46 U.S.C. § 30509 is misplaced. The Convention Act provides a separate basis for jurisdiction, and seaman employment contracts are encompassed by that Act. Therefore, the Jones Act does not apply and, because of this, the provisions of the Federal Employer's Liability Act are not implicated. Moreover, Razo cannot rely on 46 U.S.C. § 30509, which applies to passengers of common carriers. Finally, it is axiomatic that Razo, as a plaintiff, cannot invoke *forum non conveniens* to move the arbitration from the Philippines.

With regard to Nordic's appeal of the District Court's remand of Razo's unseaworthiness claims against Nordic, we agree with the District Court's analysis that, as owner of the ship, Nordic cannot dodge potential liability through contractual provisions. Moreover, the District Court was correct in determining that Nordic cannot rely upon the arbitration agreement that binds Royal Caribbean and Razo as a defense here. The District Court properly remanded this claim.

For all of these reasons, we will affirm the order of the District Court.