Dwight MENESES, Plaintiff,

v.

**CARNIVAL CORPORATION,**
Defendant.

Case No. 10–CV–22073.

United States District Court,
S.D. Florida,
Miami Division.

Aug. 4, 2010.

James Madison Walker, Walker &
O'Neill PA, South Miami, FL, for Plaintiff.

Scott P. Mebane, Leah H. Martinez,
Mase, Lara, Eversole, PA, Miami, FL, for
Defendant.

### *ORDER GRANTING MOTION TO COM-PEL ARBITRATION AND SEVER-ING CHOICE OF LAW PROVISION*

JAMES LAWRENCE KING, District
Judge.

THIS CAUSE is before the Court upon
Defendant's Motion to Dismiss and Com-
pel Arbitration (DE # 5), filed July 1,
2010.[1] After careful consideration and for
the reasons set forth below, the Court
determines that Defendant's Motion

---

1. This matter constitutes the second filing of a complaint first filed in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami–Dade County on January 27, 2010. On March 19, 2010, Defendant removed to feder-al court. Plaintiff voluntarily dismissed that action (No. 10–20867 DE # 9). Nonetheless, a little over a month later on June 2, 2010, Plaintiff again filed an action in state court. Defendant again removed to federal court (DE # 1), this time on June 24, 2010. Defen-dant filed his Motion to Dismiss and Compel Arbitration (DE # 5) on July 1, 2010. This matter has been well-briefed by both parties, as Plaintiff has since filed a response in oppo-sition (DE # 8) and Defendant filed a reply (DE # 10) thereto.

should be granted in part and denied in part.

## I. BACKGROUND

Plaintiff, from 2006 through at least 2009, was employed aboard several of Defendant's cruise ships as a headwaiter. Prior to the commencement of his employment with Defendant, however, Plaintiff had signed a "Seafarer Agreement" on March 31, 2006, which was a standard agreement setting forth the basic terms and conditions of Plaintiff's employment, including the duration of the contract, the position accepted, remedies in the case of injury, and the monthly salary and hours of work. (DE # 1(2)). Plaintiff re-signed the Seafarer Agreement on two successive occasions. Sometime in 2007, Dwight Meneses ("Plaintiff") was working as a headwaiter aboard a ship owned and operated by Defendant: the M/S Fascination. While working in the dining room on an unknown day, Plaintiff "slipped and fell, sustaining a serious injury to his right knee, including a torn meniscus. Plaintiff sought medical care but was required to keep working in pain." Compl. ¶ 13. As a direct result of his injury, Plaintiff had surgery on his knee on September 18, 2007, after which he returned to duty aboard another Carnival ship: the M/S Imagination. *Id.* Over a year later, Plaintiff claims that he injured his left knee while working in the galley of a third Carnival ship: M/S Destiny. Plaintiff alleges that he tore a meniscus in his left knee, which required surgery on May 26, 2009. Plaintiff claims that these separate injuries were both a direct result of Defendant's negligence and purports to state a: 1) Jones Act negligence; 2) unseaworthiness; and 3) failure to provide prompt, adequate, and complete medical treatment.

In response, Defendant filed the Motion to Dismiss and Compel Arbitration now before the Court, stating that Plaintiff may not litigate this matter because he signed a "Seafarer Agreement", which pursuant to the Convention on the Recognition and Enforcement of Arbitral Awards requires arbitration in one of several locales, depending on which is closer to the seafarer's home country. Def.'s Mot. at 2. Under the terms of that Agreement, "all disputes arising under or in connection with this Agreement or Seafarer's service on the vessel shall be resolved in accordance with, the laws of the flag of the vessel on which Seafarer is assigned at the time the cause of action accrues." *Id.* (citing Seafarer Agreement at 1–2). In the event that any provision of the Seafarer Agreement is found invalid or unenforceable, the Agreement requires severance of that provision and enforcement of the remaining ones. *Id.*

## II. DISCUSSION

As an initial matter, the Court notes that there is conflicting law on the issue now raised by the parties. Two cases and their respective progeny seemingly stand in opposition to one another and demand different outcomes. Those cases are *Bautista v. Star Cruises*, 396 F.3d 1289 (11th Cir.2005) and *Thomas v. Carnival Corp.*, 573 F.3d 1113 (11th Cir.2009).

Defendant cites to the first, *Bautista*, in its motion to compel arbitration. In short, Defendant claims that *Bautista* is on all-fours with the instant case and therefore controls the outcome of its motion to compel arbitration. In *Bautista*, the plaintiffs were crewmembers or survivors of crewmembers who had been injured or killed aboard the S/S Norway, a Norwegian Cruise Line vessel. *Bautista*, 396 F.3d at 1292. After the plaintiff had filed suit alleging claims under the Jones Act, the defendant sought removal and a motion to compel arbitration on the basis of an employment agreement which contained an arbitration provision covered by the Unit-

**1334**

ed Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, *opened for signature* June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 3 (the "Convention"). *Id.* at 1292–93. The district court granted the motion to compel and on review the Eleventh Circuit affirmed, holding that the Convention did not preclude the application of the operative arbitration clause. *Id.* at 1302–03. In support of its holding, the Eleventh Circuit noted the following test requiring a limited inquiry into four jurisdictional prerequisites to arbitration: 1) whether there is an agreement in writing to arbitrate; 2) whether the agreement provides for arbitration in a territory of a signatory of the Convention; 3) whether the agreement arises out of a commercial relationship or obligations; and 4) whether a party to the agreement is not an American citizen, or there is some reasonable relationship to one or more foreign states. *Bautista,* 396 F.3d at 1294 n. 7. Noting that in the instant case, like in *Bautista,* all four jurisdictional prongs are satisfied, Defendant here argues that arbitration is mandated.

Plaintiff counters Defendant's Motion to Compel Arbitration by referencing the second case, *Thomas v. Carnival Corp.,* 573 F.3d 1113 (11th Cir.2009), and claiming that *Thomas* requires that this Court find the arbitration provision at issue invalid and unenforceable. *Thomas,* decided four years after *Bautista,* held that an arbitration provision such as the one at issue in the instant case requiring a seaman to arbitrate a Wage Act claim in a foreign country while applying foreign law is unenforceable because it would deprive the seaman of his statutory rights under the Wage Act. The movant Defendant recognizes *Thomas,* but points to a more recent district court case, *Bulgakova v. Carnival*

*Corp.,* No. 09–20023, in support of its claim that *Bautista* applies. Therefore, the issue before this Court is which case controls given the facts at issue in this matter

### III. ANALYSIS

The issue of which case—*Bautista* or *Thomas*—controls the issue now before the Court has caused a split among courts in the Southern District of Florida. *See Cardoso v. Carnival Corp.,* 2010 WL 996528 (S.D.Fla. Mar. 16, 2010) (holding that *Thomas* applies to Jones Act claims); *Sorica v. Princess Cruise Lines, Ltd.,* No. 09–CV–20917–HUCK (S.D.Fla. Aug. 4, 2009) (same). *But see Bulgakova v. Carnival Corp.,* No. 09–CV–20023–SEITZ (S.D.Fla. Feb. 26, 2010) (holding that *Bautista,* rather than *Thomas,* applies to the Jones Act); *Pineda–Lindo v. NCL (Bahamas) Ltd.,* No. 09–CV–22926–GRAHAM (S.D.Fla. Dec. 18, 2009) (same). The courts of this district are split even on appropriate action in the event *Thomas* does apply.[2] *Cf. Cardoso,* 2010 WL 996528 at *3–4 (severing the choice of law provision, and compelling arbitration) *with Kovacs v. Carnival Corp.,* 2009 WL 4980277, *1 (S.D.Fla. Dec. 21, 2009) (refusing to compel arbitration) *and Sivanandi v. NCL (Bahamas) Ltd.,* 2010 WL 1875685 (S.D.Fla. Apr. 15, 2010) (applying *Thomas* and holding that arbitration provision was unenforceable).

As an initial matter, it cannot be disputed that all four *Bautista* jurisdictional prerequisites to the enforcement of an arbitration agreement under the Convention are satisfied here. Plaintiff signed the Seafarer Agreement obligating him to arbitrate. (DE # 1(2) at 3). The Agreement clearly defines the appropriate territory of the location at which arbitration should

---

**2.** The Court notes that this issue is currently on appeal before the Eleventh Circuit in at least one case. *See Cardoso v. Carnival Corp.,* 09–23442–CIV–GOLD (DE # 38) (filing notice of appeal regarding grant of motion to compel arbitration).

take place, (DE # 1(2) at 2–3), and the Philippines is undisputedly a signatory to the convention. *See, e.g., Razo v. Nordic Empress Shipping Ltd.,* 362 Fed.Appx. 243 (3d Cir.2009) ("It is beyond question that the Philippines is a signatory to the Convention ..."). During all material times to this matter, Plaintiff was employed by Defendant and therefore the third prong of the *Bautista* test is satisfied. (DE # 1(2) at 2). Lastly, Plaintiff is a Philippine seaman, Def. Mot. at 1, which satisfies the fourth and final prong of *Bautista.*

However, as noted by *Bautista,* any inquiry must consider the affirmative defenses noted in the Convention. *Bautista,* 396 F.3d at 1301–02. "The Convention requires that courts enforce an agreement to arbitrate unless the agreement is 'null and void, inoperative or incapable of being performed.'" *Id.* at 1301 (quoting the Convention). Indeed, the Eleventh Circuit noted in *Thomas* that the "public policy" provision of Article V(2)(b) of the Convention—providing that "[t]he recognition or enforcement of an arbitral award may also be refused if ... [t]he recognition or enforcement of the award would be contrary to the public policy of that country"—also qualifies as an affirmative defense. 573 F.3d at 1120.

Here, Plaintiff argues that under the reasoning of *Thomas,* the choice of law and choice of forum provisions render the arbitration clause unenforceable because they operate in tandem to deprive Plaintiff of his U.S. statutory remedy under the Jones Act. Pl.'s Opp. at 4–5. In response, Defendant argues that *Thomas* is distinguishable on the grounds that its holding was limited to Wage Act claims, and should not be extended to other statutory causes of action. Def.'s Mot. at 6–7. Defendant also argues that *Thomas* does not govern this case because, unlike the plaintiff in *Thomas,* Plaintiff here is also asserting common law maritime claims that are cognizable under foreign law and will provide for an opportunity for judicial review of the arbitrator's decision. *Id.*

■ Although Defendant is correct in that the Eleventh Circuit tailored its holding to a claim arising under the Wage Act, a fair reading of *Thomas* indicates that the court's reasoning likely applies with equal force to other statutory claims and certainly to the one at issue here: the Jones Act. Indeed, the Eleventh Circuit did not focus on the unique nature of the Wage Act, but merely stated that the Wage Act was designed to protect seamen and had a remedial purpose. *Thomas,* 573 F.3d at 1123 (noting that contrary holding would eviscerate "any U.S. statutorily-created causes of action"). Similarly, the Jones Act was also designed to protect seaman and has the remedial purpose of providing seamen with a statutory cause of action that did not exist at common law. Thus, there is no reason to distinguish between the Wage Act and Jones Act in this instance, since both afford seamen with statutory rights that cannot be prospectively waived.

Furthermore, the *Thomas* court noted that arbitration clauses should be upheld only "if it is evident that either U.S. law definitely will be applied or if, there is a possibility that it might apply and there will be later review." *Id.* at 1123. In this vein, Defendant argues that Plaintiff's nonstatutory causes of action will provide Plaintiff with a subsequent opportunity for review. The Court rejects this argument. Just like in *Thomas,* there is a "distinct possibility" that, if the clauses at issue were left intact, the arbitrator would apply Bahamian law and render a decision that would result in Plaintiff "receive[ing] no award." *Id.* at 1124. Thus, Plaintiff is not guaranteed an opportunity for meaningful review subsequent to arbitration.

Finally, contrary to Defendant's argument, the Eleventh Circuit's decision in *Bautista v. Star Cruises* does not control the outcome of this case. In *Bautista,* although the court compelled arbitration of a Jones Act claim, the argument that was presented in *Thomas*—that the arbitration clause was void because it deprived the plaintiff of a U.S. statutory right—was not presented, and therefore the *Bautista* court had no occasion to address it. *See generally Bautista v. Star Cruises,* 396 F.3d 1289 (11th Cir.2005). Without such a determination, *Bautista* is inapposite to the instant matter. Instead, the more appropriate course of action for this Court is to follow *Thomas,* which directly addressed the issue at hand.

 Having concluded that *Thomas* applies to Jones Act claims as it does to Wage Act claims, and that the choice of law and choice of forum clauses in the instant case render the arbitration provision unenforceable with respect to the Jones Act claim, the Court now turns to determining an appropriate remedy. As noted above, courts in the Southern District of Florida have adopted differing approaches in this context. However, there is no doubt in the strong federal interest in arbitration. *See, e.g., Rent–A–Center, Inc. v. Jackson,* —— U.S. ——, 130 S.Ct. 2772, 177 L.Ed.2d 403 (2010). Courts, where possible, will enforce arbitration agreements according to their terms. 130 S.Ct. at 2775–78. Nonetheless, where, as here, an arbitration agreement contains a severability provision, a court may choose to excise any invalid provision of the underlying contract. *See Cardoso,* 2010 WL 996528 at *3–5. This Court therefore concludes that severing the choice of law provision in the Seafarer's Agreement is the appropriate remedy.

Finally, the Court notes that, although Defendant seeks dismissal, the Eleventh Circuit has indicated that staying the case is the appropriate course of action in these circumstances. *See Bender v. A.G. Edwards & Sons, Inc.,* 971 F.2d 698, 699 (11th Cir.1992) ("Upon finding that a claim is subject to an arbitration agreement, the court should order that the action be stayed pending arbitration."). *See also Cardoso,* 2010 WL 996528 at *5 (staying proceedings subsequent to enforcement of arbitration agreement).

## IV. CONCLUSION

Accordingly, after careful consideration and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED, and DECREED** that:

1. Defendant's Motion to Dismiss and Compel Arbitration (DE # 5) is hereby **GRANTED in PART.**

2. The choice of law provision (paragraph 8 entitled "Governing Law") is hereby **STRICKEN** from Plaintiff's Seafarer's Agreement and shall be treated by the parties as null and void.

3. Plaintiff's claims shall be submitted to arbitration in accordance with the arbitration clause of the Seafarer's Agreement, and the arbitrator shall apply U.S. statutory law.

4. This case is **STAYED.** The Clerk shall **ADMINISTRATIVELY CLOSE** this case.

5. The Court retains jurisdiction for enforcement of the arbitral award, if appropriate.